IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**K.W.,**

    **Plaintiff,**

                                    **Civil Action 2:22-cv-3845**
                                      **Judge Algenon L. Marbley**
    **v.**                                **Magistrate Judge Elizabeth P. Deavers**

**RED ROOF INNS, INC.,** *et al.*,

    **Defendants.**

### OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Leave to Disclose Plaintiff's True Identity.  (Mot., ECF No. 75.)  For the following reasons, the Motion is **GRANTED in part**.

### I.      BACKGROUND

On October 28, 2022, Plaintiff filed this action pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).  (ECF No. 1.)  Plaintiff alleges that she was trafficked for sex at hotels owned by Defendants in Michigan and Ohio from approximately February to October 2022.  (*Id.*, at ¶¶ 4, 49, 58.)  On September 23, 2025, Defendants moved for leave to disclose Plaintiff's True Identify to her alleged trafficker "for the sole purpose of investigating Plaintiff's claims in furtherance of" their defense.  (Mot. at PageID 785.)  Plaintiff filed a memorandum in opposition.[1]  (Resp., ECF No. 77.)  Defendants filed a Reply.  (Reply, ECF No. 79.)  This matter is ripe for judicial review.

---

[1] The Court **DENIES** Plaintiff's request for an evidentiary hearing as it finds the briefing sufficient.

## II.       STANDARD OF REVIEW

Pursuant to their Protective Order, the parties may only disclose Plaintiff's True Identity, as defined in the Protective Order, to her trafficker "only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts; provided, however, that disclosure of Plaintiff's True Identity information is permitted only if the party requests and obtains a Court order before making any disclosure." (ECF No. 76, at PageID 857–58.) The motion "shall list only the reasons why Defendants believe it is necessary to reveal Plaintiff's True Identity . . . ." (*Id.* at PageID 858.)

## III.      ANALYSIS

The Court is cognizant of Plaintiff's concerns and sympathetic to the complexity of her relationship with her alleged trafficker. The Court, however, concludes that the Defendants may disclose Plaintiff's identity to her trafficker. Defendants seek to question Plaintiff's trafficker because he is the only person Plaintiff has identified as a witness to her trafficking, her deposition revealed that the relationship between Plaintiff and her trafficker was more nuanced than alleged in the Complaint, and questioning her trafficker, Mr. Calhoun, is relevant and necessary to defend against Plaintiff's claims. (Mot. at PageID 787, 789–90, 793–95.) Specifically, Defendants contend that Calhoun's relationship and interactions with Plaintiff, as well as his interactions with employees at the Subject Inns,[2] are relevant to their investigation into

> (1) whether K.W. engaged in commercial sex "by force, fraud, or coercion" of Calhoun as defined section 1591; (2) whether and to what extent Calhoun was at the Subject Inns in February through October 2020 with K.W., as is necessary to establish a "venture" under section 1591; and (3) whether Calhoun's conduct at the Subject Inns, including his interactions with employees, supports

---

[2] "Subject Inns" is defined the same as in Defendants' Motion.

2

> K.W.'s allegations that the Red Roof Defendants knew or should
> have known about K.W.'s trafficking.

(*Id.* at PageID 792.)

Further, Defendants argue for disclosure based on fairness concerns. (*Id.* at PageID 788, 790–91.) Defendants assert that "due process—an interest directly protected in the Protective Order—mandates that the Red Roof Defendants should have access to all relevant evidence, and they should not have to rely solely on K.W.'s account and circumstantial evidence to form their defense to K.W.'s claims." (*Id.* at PageID 788.) Defendants also contend that courts have acknowledged the "extreme prejudice" that defendants would suffer if they were never allowed to disclose a plaintiff's identity to her trafficker. (*Id.* at PageID 790–91.)

In response, Plaintiff argues that the Due Process clause does not apply, as she interprets Defendants' use of the phrase "due process" as an argument that they have a constitutional right to depose Plaintiff's trafficker. (Resp. at PageID 864.) Plaintiff instead contends that the "interest-weighing approach of Rule 26" should govern the Court's analysis and the "balance of harms weighs in favor" of prohibiting Defendants from contacting Plaintiff's trafficker. (*Id.* at PageID 868.) Plaintiff also asserts that the Court should deny Defendants' Motion because "Red Roof seeks only to question Plaintiff's trafficker about his crimes—so the trafficker, under the Fifth Amendment, has no obligation to answer. Thus, the deposition is unlikely to result in any relevant, admissible evidence." (*Id.* at PageID 865.) In support, Plaintiff cites to a single criminal case.

In reply, Defendants emphasize the necessity of deposing the trafficker as they have no other means to obtain the information and note that according to Plaintiff's deposition testimony, her trafficker is not a present danger to her or their child. (Reply, at PageID 872–77.) Defendants also contend that Plaintiff's Fifth Amendment argument is "flawed and incorrect."

(*Id.* at PageID 878.)  Defendants distinguish the criminal case that Plaintiff relies on and argue that the trafficker's ability to plead the Fifth Amendment is not a reason to prohibit them from disclosing Plaintiff's identity.  (*Id.* at PageID 878–79.)

The Court agrees that disclosing Plaintiff's identity to her trafficker is necessary as contemplated by the Protective Order in this case.  The Court finds Defendants' arguments as to why "providing K.W.'s true identity to Calhoun will directly assist him in recalling, relating, and explaining facts that are not only relevant, but also essential, to the Red Roof Defendants' defense against Plaintiff's TVPRA claims" persuasive.  (Mot. at PageID 791.)  *See A.D. v. Wyndham Hotels and Resorts, Inc.*, 2020 WL 8639346, at *2 (E.D. Va. Sept. 21, 2020) ("Defendant has a right to fully investigate Plaintiff's claims that are alleged against it."). Defendants cannot test the veracity and accuracy of Plaintiff's claims without disclosing her identity to and questioning Calhoun.  Plaintiff's only witness to her trafficking is Calhoun. Moreover, Defendants do not have evidence that connects Calhoun to the Subject Inns during Plaintiff's alleged trafficking period.  (Mot. at PageID 796, 798.)  *Cf., A.D. v. Wyndham Hotels and Resorts, Inc.*, 2020 WL 8639343, at *3 (E.D. Va. July 30, 2020) ("Wyndham cannot investigate and defend against A.D.'s claims unless there is a disclosure of the identity of her trafficker and unless Wyndham is permitted to use this information in discovery and trial preparation.").  In addition, Defendants' necessity arguments are bolstered by the fact that this is their first request to disclose a plaintiff's identity to her trafficker.  (Mot. at PageID 790.)

Notably, Plaintiff does not contest Defendants' assertions that disclosing her identity to Calhoun is necessary and the information they seek is relevant to their defense.  Her arguments that deposing Calhoun would be futile are unpersuasive, and irrelevant under the Protective Order.  Plaintiff also fails to articulate why the Court should apply the Federal Rule of Civil

Procedure 26 factors considered by courts when determining whether to issue a protective order instead of the plain language of the parties' stipulated Protective Order.  In sum, the Court concludes that Defendants may disclose Plaintiff's identity to her trafficker because it is necessary to assist him in recalling, relating, or explaining facts regarding Defendants' defenses against Plaintiff's claims.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF No. 75) for Leave to Disclose Plaintiff's True Identity is **GRANTED in part**.  Defendants may disclose Plaintiff's name and aliases but may not disclose any other information defined as "True Identity" under the Protective Order without a meet and confer with Plaintiff, and if necessary, Court involvement.

**IT IS SO ORDERED.**

**Date: March 4, 2026**           */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**